CASE 21—EQUITY—DECEMBER 20.

# Mattingly vs. Bosley.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. The Code of Practice authorizes the court to render a judgment for so much of a demand sued for as is not controverted. But there is no provision of the Code, or rule of practice, which authorizes the court, before an action is ready for final trial, to hear and try it, and render a judgment in favor of one of the parties, (whose right to recover anything on the final hearing is not admitted,) on the mere probability that he will be then entitled to the sum adjudged in his favor.

2. The court has no right to take a case up and hear it, except as provided for in the Code, in opposition to the wishes of either party, until it stands regularly for hearing. And where the trial was premature and irregular, and objected to by the party at the time on that ground, and he then excepted to the action of the court, it was not necessary for him to make a subsequent motion to set the order of hearing and judgment aside; but he had a right to appeal therefrom directly to the court of appeals.

C. A. WICKLIFFE for appellant.
SHUCK & HARDIN for appellee.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The Code of Practice authorizes the court to render a judgment for so much of a demand sued for as is not controverted. But there is no provision of the Code, or rule of practice, which authorizes the court, before an action is ready for final trial, to hear and try it, and render a judgment in favor of one of the parties, (whose right to recover anything on the final hearing is not admitted,) on the mere probability that he will be then entitled to the sum adjudged in his favor. Such a practice would not only be manifestly inconvenient, but might be productive of great injustice. The party who conceives himself injured by such a judgment would appeal from it, and another appeal might be necessary when the final judgment was rendered, thereby requiring the prosecution of two appeals, where one only ought to be sufficient. And in addition to this, the rights of the parties might be essentially changed by the subsequent preparation made in the cause; and it might be that the party in whose favor the judgment was rendered would not be entitled to anything on the final hearing, according to the evidence then in the cause. Yet the court that rendered the judgment would have no power over it at a subsequent term, although it should appear to be wholly unsustained by the testimony.

The court has no right to take a case up and hear it, except as provided for in the Code, in opposition to the wishes of either party, until it stands regularly for hearing. In this case the report of the commissioner had been quashed, and another reference ordered; consequently, the case was not ready for trial. The trial was therefore premature and irregular. As it was objected to by the appellant at the time on this very ground, and he then excepted to the action of the court, it was not necessary for him to make a subsequent motion to set the order of hearing and judgment aside; but he had a right to appeal therefrom directly to this court.

The judgment must therefore be reversed; and on the return of the cause, if a final trial has been had, the court below should dispose of the five hundred dollars for which the judgment appealed from was rendered, in conformity with the final judgment and the rights of the parties, as thereby determined.

Wherefore, the judgment is reversed, and cause remanded, with directions to let all the matters in controversy remain undisposed of until the final trial, unless a final trial has been had, and in that case to render a judgment as herein indicated.